**Agustin MORALES, Plaintiff–Appellant,**

v.

**James DZURENDA, Warden, I/O, and Pinto, CO, I/O, Defendants–Appellees.**

**No. 09–4200–pr.**

United States Court of Appeals,
Second Circuit.

June 30, 2010.

Agustin Morales, pro se, Newtown, CT.

Ann E. Lynch, Assistant Attorney General (Richard Blumenthal, Attorney General, on the brief), Office of the Attorney General, Hartford, CT, for Defendants–Appellees.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Agustin Morales ("plaintiff" or "Morales"), *pro se*, appeals from a summary judgment of the District Court entered in favor of defendants-appellees. The District Court granted summary judgment on plaintiff's claim brought pursuant to 42 U.S.C. § 1983 upon concluding that plaintiff failed to exhaust his administrative remedies. We assume the parties' familiarity with the remaining factual and procedural history of the case.

We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). We also review *de novo* a district court's determination that a plaintiff failed to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"). *See Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir.2009).

The PLRA requires that prison inmates exhaust administrative remedies prior to seeking relief in federal court. *See* 42 U.S.C. § 1997e(a). The Act requires " 'proper exhaustion,' which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).' " *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir.2009) (quoting *Woodford v. Ngo*, 548

U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)). We have explained that failure to exhaust may be excused only where: (1) administrative remedies were not in fact available; (2) prison officials have forfeited, or are estopped from raising, the affirmative defense of non-exhaustion; or (3) "special circumstances ... justify the prisoner's failure to comply with administrative procedural requirements." *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir.2004) (internal quotation marks omitted).

Upon *de novo* review, we agree with the District Court that plaintiff failed properly to exhaust his administrative remedies, and did not demonstrate special circumstances sufficient to excuse his failure to exhaust. *See id.* Accordingly, we affirm the judgment of the District Court substantially for the reasons stated in its thorough and well-reasoned Ruling on Defendant's Motion for Summary Judgment. *See* App. 10–22 *(Morales v. Dzurenda*, No. 3:07–cv–1220, Docket Entry No. 37 (D.Conn. Sept. 8, 2009)).

## CONCLUSION

We have considered all of plaintiff's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**